J. W. FREE ET AL. v. C. W. OWEN ET AL.

No. 7010.   Decided March 9, 1938.
Rehearing overruled April 13, 1938.
(113 S. W., 2d Series, 1221.)

*A. L. Camp*, of Fort Worth, *C. E. Florence, Sanders & McIntosh, R. W. Cummings* and *Leo Hart*, all of Gilmer, *R. E. Seagler*, of Houston, *F. G. Swanson, Weeks & Hankerson* and *Mayfield & Grisham*, all of Tyler, and *Edwin M. Fulton*, of Texarkana, for plaintiff in error.

The judgment of the trial court should have been affirmed because the plaintiffs, having knowledge of all the facts and having waited for over sixteen years before asserting their rights in equity, are barred by their own laches. 17 Tex. Jur. p. 51, sec. 50; 9 C. J. 1244; DeCordova v. Smith, 9 Texas 129, at page 146; Lewis v. Saylors, 37 S. W. (2d) 760.

*Hatchell & Campbell, J. H. Synnott*, of Longview, *Gus Morris* and *Milton Greer Mell*, of Gilmer, for defendants in error.

On the question of limitation and the insanity of the grantor. Deaton v. Rush, 113 Texas 176; 252 S. W. 1025; City of Brownsville v. Basse, 43 Texas 440; 3 Tex. Jur., p. 1116, sec. 852.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

In the year 1896, Mrs. M. C. Owen executed a deed to W. W. Bowden for a certain tract of fifty acres of land in Upshur County. The deed was put of record in Upshur County in March,

1901. Mrs. Owen was insane at the time she executed the deed, and she remained in that condition until she died in the year 1917. When he received the deed, Bowden went into actual possession of the land and remained in possession thereof until he died a few years later. His heirs continued to hold such possession until October, 1913, when they executed a deed for the land to R. Fenton who immediately went into actual possession and continued to hold such possession until December, 1917, when he executed a deed for the land to the plaintiff in error J. W. Free, who immediately went into actual possession of the land and continued to hold such possession until this suit was brought in the year 1933. The deed from the Bowden heirs to Fenton and the one from Fenton to Free were not put of record within a reasonable time after they were executed. The possession of the land by Bowden and his successors, during the entire period, from the time of the recording of the deed, in the year 1901, from Mrs. Owen to Bowden, to the time this suit was commenced, was such as to satisfy the provisions of Article 5519 of the statutes, provided said statute be applicable to this case, and provided the failure to record the deed to Fenton and the one to Free within a reasonable time after they were executed did not interrupt the continuity of such adverse possession. This suit was brought in March, 1933, by the defendants in error, C. W. Owen and the other heirs of Mrs. M. C. Owen, against J. W. Free and others holding an oil lease and royalty and mineral rights under him. Included among the plaintiffs is a daughter of Mrs. M. C. Owen, who has been insane ever since the year 1915. The suit is for the cancellation of the deed from Mrs. M. C. Owen to W. W. Bowden on the ground that Mrs. Owen was insane when the deed was executed. Recovery of the possession of the land is also sought. Among other defenses not presently material, Free and his codefendants pleaded the statute of twenty-five years limitation (Article 5519) and set up a cross action for the land based on adverse possession of said land for twenty-five years as prescribed in said statute. A trial of the case resulted in a judgment for Free and his codefendants for the land. Every fact concerning said land, which we have stated, was established either by undisputed evidence or by the verdict of the jury. The judgment rendered by the trial court has been reversed by the Court of Civil Appeals and the cause remanded. 85 S. W. (2d) 1090.

1   The Court of Civil Appeals correctly held that the deed to Bowden from Mrs. M. C. Owen, the latter being insane at the time she executed said deed, was not void but was voidable. Williams v. Sapieha, 94 Texas 430, 61 S. W. 115.

The controlling questions in the case, therefore, go to the meaning of terms contained in Article 5519 of the statutes. Said article reads as follows:

"No person who has a right of action for the recovery of real estate shall be permitted to maintain an action therefor against any person having peaceable and adverse possession of such real estate for a period of twenty-five years prior to the filing of such action, under claim of right, in good faith, under a deed or deeds, or any instrument or instruments, purporting to convey the same, which deed or deeds or instrument or instruments purporting to convey the same have been recorded in the deed records of the county in which the real estate or a part thereof is situated; and one so holding and claiming such real estate under such claim of title and possession shall be held to have a good marketable title thereto, and on proof of the above facts shall be held to have established title by limitation to such real estate regardless of coverture, minority, insanity or other disability in the adverse claimant, or any person under whom such adverse claimant claims, existing at the time of the accrual of the cause of action, or at any time thereafter. Such peaceable and adverse possession need not be continued in the same person, but when held by different persons successively there must be a privity of estate between them. The adverse possession of any part of such real estate shall extend to and be held to include all of the property described in such deed or instrument conveying or purporting to convey, under which entry was made upon such land or any part thereof, and by instrument purporting to convey shall be meant any instrument in the form of a deed or which contains language showing an intention to convey even though such instrument, for want of proper execution or for other cause is void on its face or in fact."

**2, 3** The first question with reference to the above statute, which we are required to determine, is whether or not an action to cancel a voidable deed falls within the purview of the statute. In this connection it is to be observed that prior to the passage of this statute it was uniformly held that none of our limitation statutes, which interposed a bar to actions for the recovery of land, had reference to an action for the cancellation of a voidable deed. Deaton v. Rush, 113 Texas 176, 252 S. W. 1025, and decisions there cited. But in the present case we are concerned with Article 5519, and the meaning of its terms. The question arises as to the meaning of the term "right of action for the recovery of real estate," as same is used in this statute. The paramount purpose of the statute is to render indefeasible the

title of a limitation claimant whose claim satisfies the requirements of the statute. This paramount purpose is plainly disclosed by the provisions which read: "and one so holding and claiming such real estate shall be held to have good marketable title thereto, and on proof of the above facts shall be held to have established title by limitation to such real estate, regardless of coverture, minority, insanity or other disability in the adverse claimant, or any person under whom such adverse claimant claims, existing at the time of the accrual of the cause of action, or at any time thereafter." According to common acceptation, a "marketable title" possesses the quality of indefeasibility; and according to Article 5513 of the statutes, a limitation title means "full title exclusive of all claims." It is presumed that in using the terms mentioned the Legislature intended that they should bear the meaning just stated. It thus reasonably appears that the term "right of action for the recovery of real estate," as used in this statute, comprehends an action of any character where the relief sought, if granted, would have effect to dispossess the defendant of land or to invest the complainant with title to land, including the incidental right of possession. In this respect the statute looks to the inception and essential character of the right which lies at the foundation of the claim asserted in the action, rather than to the particular form or character of the relief sought. For example, where the claim asserted involves the rescission of a deed which has been executed by a minor or an insane person, the statute contemplates the right of rescission as the essential basis of the action and regards such right to rescind as having accrued contemporaneously with the execution of said deed. We conclude, therefore, that the right or cause of action for the cancellation of the deed from Mrs. M. C. Owen to Bowden comes within the meaning of the statute, and the statute contemplates such right or cause of action as having accrued at the time said deed was executed.

4 The question arises as to whether or not the failure to record the deeds to Fenton and Free, respectively, within a reasonable time after they were executed, interrupted the operation of the statute. The possession of the land by Bowden became adverse, within the meaning of the statute, at the time the deed from Mrs. Owen to him was put of record in Upshur County in the year 1901. The period of adverse possession which the statute prescribes began at that time. It fairly appears from the language of the statute that the recording of this deed inured to the benefit of the successors of Bowden who stood in privity of estate with him. This appears from the following clause contained in the statute which reads: "Such peaceable and adverse

possession need not be continued in the same person, but when held by different persons successively there must be a privity of estate between them," and from the provisions of the statute which follow this clause. A careful reading of these provisions, in connection with other preceding provisions, convinces us that the recording of a deed or instrument which purports to convey the land, under which deed or instrument entry upon the land originally occurs and the period of adverse possession prescribed by the statute commences, satisfies the statute so far as the matter of recording is concerned. Regardless of whether such recorded deed or instrument be void or voidable, or does or does not actually effect a conveyance of the land, the continuity of the adverse possession begun under such recorded deed or instrument is not interrupted by a failure to record deeds to succeeding holders of such possession in privity with the original holder. In a word, where such adverse possession is continued in different persons successively, the required privity of estate existing, such possession is to be regarded as held by each of them under such recorded deed or instrument within the meaning of the statute. In this connection, we do not mean to imply that the term "privity of estate" as used in the statute means anything more than privity of possession, in view of the already established meaning of that term, as used in our limitation statutes. Art. 5516; McAnally v. Texas Company, 124 Texas 196, 76 S. W. (2d) 997; Moran v. Moseley, 164 S. W. 1093; McManus v. Matthews, 55 S. W. 589; Houston Oil Company v. Gore, 159 S. W. 924; Dotson v. Moss, 58 Texas 152; Truehart v. McMichael, 46 Texas 222.

The trial court correctly rendered judgment in favor of Free and his codefendants. The judgment of the Court of Civil Appeals is therefore reversed, and that of the trial court is affirmed.

Opinion adopted by the Supreme Court March 9, 1938.

Rehearing overruled April 13, 1938.