## WILKINS v. ABERCROMBIE
### No. 2432.

Court of Civil Appeals of Texas. Waco.
April 30, 1942.

Rehearing Denied June 4, 1942.

R. L. Henderson, of Waco, for appellant.
W. L. Eason, of Waco, for appellee.

RICE, Chief Justice.

This is a suit brought by George W. Abercrombie, appellee, against Alice Wilkins, appellant, and others, in trespass to try title of a tract of 2.4 acres of land situate in McLennan county, Texas. Alice Wilkins alone appealed from an adverse judgment rendered on the answers of the jury to special issues submitted.

Appellee asserted title in himself to the 2.4 acres, as a part of a 100-acre tract conveyed to him by regular chain of title emanating from appellant, through her former deed to her son conveying the 100-acre tract.

Appellant answered by plea of not guilty; the general denial; and specially pleaded title in herself to the 100-acre tract under the three, five, ten and twenty-five year statutes of limitation, Vernon's Ann.Civ.St. Arts. 5507, 5509, 5510, 5519; and that if she ever executed a deed conveying the 100-acre tract to her son, Arthur Henry Wilkins, the same was without consideration, and her execution thereof was obtained by false representations, on which she relied, made to her by her son, to the effect that she was executing a government loan to take up a first lien on said land. She further pleaded that she never received any of the purchase money notes described in her deed to her son; that her said son was then heavily indebted to J. L. and D. Pippin; that she was an old ignorant negro woman, unable to read and write; that D. Pippin, knowing the facts, procured her son to secure said deed from her for the purpose of collecting his indebtedness, thereby participating in the fraud perpetrated upon her.

By supplemental petition appellee denied the allegations set forth in appellant's answer; and pleaded that he and his grantors were each purchasers for value and without notice, relying on the record title to the land in controversy, together with acts and conduct of appellant by way of waiver, ratification and estoppel.

Although appellant testified that she had not executed or acknowledged any of them, the jury found that appellant signed and acknowledged each of the following instruments, all of which were shown to be duly filed and recorded in the deed records of McLennan county, Texas: (1) Deed dated May, 20, 1925, conveying the 100-acre tract to her son, Arthur Henry Wilkins; (2) transfer dated January 14, 1926, assigning certain of the vendor's lien notes executed by her said son and payable to her as part of the purchase price of said land, which notes were described in her deed above referred to; (3) an extension agreement

dated December 11, 1929, extending the time of payment of a part of the purchase money evidenced by certain of the vendor's lien notes described in said deed; (4) instrument dated April 8, 1930, releasing all liens held by appellant on said 100 acres, except lien securing note No. 7; (5) instrument dated December 19, 1930, releasing and quitclaiming to her son, A. H. Wilkins, all of her right, title and interest in and to the 100 acres of land involved. There was ample evidence to support each of the findings of fact made by the jury.

The evidence shows that the 100-acre tract was acquired during their marriage by appellant and her husband; that the latter died sometime prior to the transaction with which we are concerned; that thereafter all of the children of appellant and her deceased husband executed and delivered to appellant a deed conveying to her the interest which they had inherited in said 100-acre tract. The evidence further discloses that thereafter, and on May 20, 1925, the land in question was encumbered by the vendor's lien securing an unpaid original purchase money note then owned by Mrs. Helen Primm Ross, as legatee of her deceased husband; that on said last mentioned date appellant executed and acknowledged a deed, which was duly filed and recorded, containing clauses of general warranty, conveying to her son, Arthur Henry Wilkins, the 100-acre tract here involved for a recited consideration of $6,000 to be paid as follows: (1) one first-lien note for $1,235.-00, due on demand; (2) a second-lien note for $91.48. The deed recites that the two notes above described are given in lieu of certain indebtedness held by Mrs. Helen Primm Ross and secured by said land. (3) Ten third-lien notes, the first nine being for $467.35 each and the tenth being for the sum of $467.37, all payable to the order of Alice Wilkins and becoming due one each year thereafter in the order named. By instrument dated May 12, 1925, and duly filed and recorded, appellant transferred and assigned the $1,235 first-lien note above mentioned, together with the lien and superior title securing same, to the Federal Land Bank of Houston, and expressly subordinated the liens securing the remaining notes to the lien securing the payment of the note so transferred, and therein referred to the deed she had made conveying said land to her said son. This indebtedness was renewed and extended by an amortization note executed by said A. H. Wilkins and wife, payable to said Bank, and secured by their deed of trust on said land. It further appears that the indebtedness due Mrs. Ross on the first-lien note was paid by the proceeds of the loan made by the Federal Land Bank, and that she released the lien on said land which she held as security therefor. The $91.48 note and the note for $467.35, due May 20, 1926, secured by an inferior lien and held by Mrs. Ross, as assignee of appellant, were by Mrs. Ross transferred, with the security therefor, to J. L. and D. Pippin for value by instrument dated November 15, 1929, and duly recorded. By instrument reciting a valuable consideration paid, dated January 14, 1926, and duly recorded, Alice Wilkins transferred and assigned notes Nos. 4, 5 and 6 of the above mentioned series of purchase money notes, being for $467.35 each, to Pippin Grocery Company, and in said transfer expressly recited that the same were executed by A. H. Wilkins and payable to her in part payment for 100 acres of land conveyed to him by her by deed dated May 20, 1925. By instrument dated December 11, 1929, and duly recorded, executed by D. Pippin, J. L. Pippin, A. H. Wilkins, Lelia Wilkins and appellant Alice Wilkins, it is recited that the latter, by deed dated May 20, 1925, conveyed to A. H. Wilkins the 100 acres of land here involved. This instrument fully described each of the purchase money notes executed by said grantee in payment of the purchase price for said tract of land. This instrument recites the prior assignment by appellant of certain described notes of said series of notes to Mrs. Helen Primm Ross, and also the prior assignment by appellant of certain other described notes of said series to Pippin Grocery Company, and that the same were then owned by J. L. and D. Pippin, together with the notes which appellant had assigned to Mrs. Ross. The instrument further recites that as of November 15, 1929, there was past due and owing to J. L. and D. Pippin, on the vendor's lien notes then held and owned by them, the sum of $1,413.-68. It was further recited that said notes then owned by the Pippins were secured by a lien on the 100 acre tract retained in the deed executed by appellant, which lien was expressly recited to be superior to the lien held by appellant as security for the balance of the purchase money then due her in the sum of $225.23. This instrument further recites that A. H. Wilkins had executed his note in the sum of said balance due the Pippins, due two years after date, and had

likewise executed his note for said balance due Alice Wilkins, due at the same time, and the lien securing such indebtedness is renewed and extended. It further provides that the balance due the Pippins is secured by a lien prior to that securing the balance due appellant.

By instrument dated December 19, 1930, executed and acknowledged by appellant and duly recorded, appellant recites that note No. 7 for the sum of $467.35 of said series of notes described in her deed to A. H. Wilkins had been paid; that she had theretofore assigned or released all other notes in her said deed described, and that it was her intention by said instrument to release and quitclaim to A. H. Wilkins, his heirs and assigns, "all of my right, title, interest and equity in and to said 100 acres of land, being the identical 100 acres referred to in the extension agreement between J. L. Pippin et al and A. H. Wilkins et al, of record in Vol. 406, page 317, McLennan County Deed Records."

On the date of the instrument last above mentioned, A. H. Wilkins, joined by his wife, duly executed, acknowledged and delivered to J. L. and D. Pippin a deed conveying to them the 100 acres of land in controversy, in recited consideration of the sum of $375 in cash, which was acknowledged, and of the cancellation of the note executed by J. H. Wilkins in the principal sum of $1,413.68, dated November 15, 1929, and payable to the order of J. L. and D. Pippin, together with accrued interest thereon; and further providing that grantees take said land subject to the principal indebtedness of $1,100 due the Federal Land Bank.

By deed dated November 27, 1939, duly filed and recorded, J. L. and D. Pippin conveyed said 100-acre tract to George W. Abercrombie, appellee herein, recited the payment of $100 in cash, the execution of an installment note in the sum of $460, and that title is taken subject to the debt due the Federal Land Bank of Houston.

Appellant assigns as error the failure of the court to submit: (1) Any issue of fraud as to the manner in which A. H. Wilkins obtained the signature and acknowledgment of appellant to the various instruments relied on by plaintiff; (2) an issue as to whether J. L. and D. Pippin were purchasers for value and without notice of and participation in the fraud practiced on appellant by her son in obtaining the various instruments.

After a careful consideration of the entire record necessitated by the general nature of the assignments above referred to, we have reached the conclusion that each of said assignments should be and the same are hereby overruled.

■ To entitle appellant to have issues of fact affirmatively and directly submitted to the jury, it must appear that such facts were raised by both the pleadings and the evidence. Appellant, in her brief, does not point out the evidence which necessitates or justified the submission of such issues to the jury.

■■ A deed obtained by fraud is not void, but voidable only. As between the parties to this suit, appellee's title is prima facie good, and it could only be avoided by a decree annulling and canceling the deed executed by appellant. Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025; Michna v. Crane, Tex.Civ.App., 28 S.W.2d 837.

■ The burden of proof was upon appellant not only to establish the acts of fraud alleged to have been perpetrated upon her by her son, but to also establish such fraud was participated in by the Pippins, or that they had notice or knowledge thereof. 7 Tex.Jur. p. 989, § 64; Dorsey v. Temple, Tex.Civ.App., 103 S.W.2d 987.

The only evidence introduced by appellant in reference to the execution of the various instruments of writing hereinabove listed and ostensibly executed by appellant was from the lips of appellant. Her testimony is confused and replete with contradictions. As best we analyze her testimony, her attack on her deed to her son is bottomed on her denial that she ever executed the deed or ever acknowledged its execution. The jury, on ample evidence, found that she did execute the deed conveying the land to her son, and such finding is not attacked in this court. The deed from appellant to her son conveying the 100-acre tract was acknowledged before T. M. Dilworth, dead at the time of trial. Appellant's signature thereto was witnessed by George Glasker. This individual was called to the witness stand by appellant in a prior trial of the case, but was not used in this trial. However, his evidence given on the prior trial was read to the jury, and it appears therefrom that appellant did not interrogate him in respect to the execution of the deed. The son and daughter of T. M. Dilworth testified to the genuineness of the signature of their father which appeared on the deed as a witness to its execution and as the Notary who took appellant's acknowledgment thereto.

We are unable to find any evidence in the record from which an inference can be drawn that either of the Pippins was present when appellant executed the deed to her son; or that either of them knew that the deed was to be executed; or that it had been executed until several months after it was actually executed and recorded. Appellant does testify that she believed on one occasion her son stated to her in the presence of "Mr. Pippin" when she signed a paper, that it was to pay off a government loan. What papers she referred to is not made clear; nor is it shown that the statement she testified was made to her by her son was false. There is no evidence that either of the Pippins made any statement or did any act, directly or indirectly, calculated to induce appellant to execute any of the instruments executed by her and hereinabove referred to affecting the title to the tract of land here involved. There is no evidence, we think, that either of the Pippins knew or had notice of any fraud practiced on appellant by her son, if such fraud were practiced, inducing her to execute any of such instruments.

The testimony of D. Pippin is undisputed, we think, and establishes that: (1) the Pippins did not know of the execution of the deed by appellant to her son until several months after the same was executed and placed of record, and until after the loan had been consummated on the land by the Federal Land Bank; (2) before the Pippins purchased from Alice Wilkins, for value, any of the vendor's lien notes executed by her son, they procured an abstract of title to said land, caused it to be brought down to date, had the same examined by their attorney, and consummated the purchase of said notes after receiving his opinion that the title thereto was good; (3) that when D. Pippin purchased the vendor's lien notes from Mrs. Ross, and paid her the sum of $416.68 therefor, he did so after having had his attorney examine an abstract of the title to said land, and based on his attorney's report that the title was good; (4) that before the Pippins accepted the deed from A. H. Wilkins and wife conveying to them the 100-acre tract here involved, they had the abstract of title to said land brought down to date, examined by their attorney, and had his report that the title was good.

■ There being no evidence in the record that the Pippins had any notice or knowledge of any fraud practiced on appellant, and it being undisputed that they relied on the record title when they purchased, for value, the vendor's lien notes above mentioned, and when they accepted the deed to the land in question, the fact that appellant was in possession of all or a part of said land, at all relevant times, is immaterial. The Pippins had the right to rely upon the unconditional, recorded deed from appellant to her son as a declaration of the grantor that she had parted with title, and they were relieved from further inquiry. Eylar v. Eylar, 60 Tex. 315; Love v. Breedlove, 75 Tex. 649, 13 S.W. 222; National Bond & Mtg. Corp. v. Davis, Tex.Com.App., 60 S.W.2d 429, 433; Still v. Moffett, Tex. Civ.App., 93 S.W.2d 756; Dorsey v. Temple, Tex.Civ.App., 103 S.W.2d 987; Federal Life Ins. Co. v. Martin, Tex.Civ.App., 157 S.W. 2d 149.

■ We further hold that the execution and delivery by appellant of the various instruments, hereinabove listed, containing the declaration therein set forth in respect to the fact that she had parted with title to the land here involved, in view of the record before us, as a matter of law, constitute an affirmance and ratification by appellant of her deed to her son, and a waiver of her right to rescind for the fraud, if any, practiced on her by her son; and that by reason thereof she is estopped to deny the validity of her deed and the notes therein described. Thompson v. Pitts, Tex.Civ. App., 2 S.W.2d 899; Mills Novelty Co. v. Spurdis, Tex.Civ.App., 29 S.W.2d 893; Grissom v. Anderson, 125 Tex. 26, 79 S.W. 2d 619.

■ Appellant's assignment of error because of the court's failure to submit an issue or issues under her pleaded defense of the ten-year statute of limitation is overruled for each of the reasons hereinabove set forth. Appellant's quitclaim deed to her son conveying and quitclaiming to him the land in controversy was executed December 19, 1930, and was relied on by the Pippins when they purchased said land from A. H. Wilkins. Appellant is therefore estopped to claim that she was asserting title to said land at the date of said conveyance. This suit was filed against appellant on July 3, 1940, within the period of ten years from December 19, 1930.

■ The Pippins, by the deed to them from A. H. Wilkins and wife, having acquired good title to the land in controversy as against appellant, and having by duly executed deed conveyed such title to appellee,

it is immaterial that appellee may have been put on notice or have known at the time he accepted such deed from the Pippins, that appellant was then asserting title, as against his grantors, to the land described in said deed.

Because of the view we take of this case, as above expressed, the remaining assignments of appellant become immaterial, and it would serve no useful purpose to discuss them. We have, however, carefully considered each of these assignments, and being of the opinion that each of same is without merit, each of said assignments is hereby overruled.

Judgment of the trial court is affirmed.