KRAMER et vir. v. SIDLO et al.
No. 4735.

Court of Civil Appeals of Texas.
El Paso.
June 1, 1950.

Rehearing Denied June 21, 1950.

Harold H. Young, Odessa, Thomas L. White, Monahans, for appellants.

Hart Johnson, Ft. Stockton, for appellees.

McGILL, Justice.

This is an appeal from a judgment of the District Court of Pecos County, 112th Judicial District.

The original petition in this suit was filed on May 16, 1949, by Frank Sidlo and wife, Marie Sidlo, as plaintiffs; Lilly Anna Kramer and husband, Joseph Kramer were named defendants. On December 19, 1949, plaintiffs filed their first amended original petition on which the case was tried. In this petition it was alleged that Marie Sidlo died intestate on August 4, 1949, leaving as her only heirs her husband Frank Sidlo, her sons, Eugene, James and George Sidlo, who were made parties plaintiff, and her daughter, defendant Lilly Anna Kramer.

The alleged cause of action was in the statutory form of trespass to try title to an undivided ⅞ interest in two tracts of land, being Section 18, Block 3, H. &. T. C. Ry. Co. Survey, and Lot 4 of the Resurvey of Surveys 17 and 19 in Block 3, H. &. T. C. Ry. Co. Survey in Pecos County. Defendants filed a disclaimer as to Lot 4. The pleadings will be further noticed. Trial was to the court without a jury; the court rendered judgment awarding plaintiffs title to and possession of Lot 4 and title to and possession of an undivided ⅞ interest in Section 18, and decreeing that title to Section 18 was vested as follows: An undivided ⅘ in plaintiff Frank Sidlo, an undivided ⅛ in each of the plaintiffs Eugene, James and George Sidlo, and an undivided ⅛ in the defendant Lilly Anna Kramer. The

judgment also removed the cloud cast upon plaintiff's title to Section 18 by certain instruments of record in the Deed Records of Pecos County and awarded plaintiffs the title and ownership of certain abstracts to said property, and costs.

In addition to the statutory allegations in trespass to try title plaintiffs alleged that all of said land was the community property of Frank and Marie Sidlo, who were married only once, and whose only children were Eugene, James and George Sidlo and Lilly Anna Kramer; that on August 14, 1936, Frank Sidlo executed a deed conveying all of said land to his wife, Marie; that although a consideration of $10 cash was recited in such deed, in truth and in fact no consideration was paid therefor by Marie Sidlo, and such deed was executed under an agreement and understanding that record legal title only to said land was conveyed and that the equitable title thereto remained in Frank Sidlo; that on August 21, 1936, Frank and Marie Sidlo executed a deed to their daughter, Lilly Anna Kramer, then named Lilly Anna Dittman, conveying Section 18; that said deed purports to convey said land for a cash consideration of $10 but in truth and in fact no consideration was paid therefor by Lilly Anna Kramer (then Dittman) for the deed; that it was executed under and by virtue of an agreement and understanding between Frank Sidlo and Marie Sidlo and Lilly Anna Kramer that the record legal title only to said land was conveyed by said deed, and that the equitable title to said land remained in Frank Sidlo and that under said agreement Lilly Anna Kramer held legal title to said land in trust for Frank Sidlo; that plaintiff Frank Sidlo was insane when he executed the deed of August 14, 1936, and the deed of August 21, 1936, and remained insane at all times thereafter until August 16, 1940, when he was declared restored to sanity by a judgment of the County Court of Pecos County; that while Frank Sidlo was insane Marie Sidlo qualified as community survivor of his estate and on August 31, 1937, by deed to Lilly Anna Kramer attempted to ratify the deed of August 21, 1936; that a consideration of $10 was recited in the deed of August 31, 1937, but

actually no consideration was paid therefor, and if said deed had any effect it was to merely confirm the trust agreement created under the deed of August 21, 1936; that such deed was never delivered to Lilly Anna Kramer; that on December 10, 1945, plaintiff Frank Sidlo sold 12.88 acres of Section 18 to the Buena Vista Independent School District for which $837 was paid to defendant Lilly Anna Kramer, she being the record holder of the legal title to said land; that she had paid Frank Sidlo only a part of this money; that she had collected oil and gas rentals and certain farm lease rentals on said land and had retained the same and had paid certain taxes on the land out of the money she collected from it; that defendants had in their possession abstracts of title to Section 18 which were the property of Frank Sidlo. The prayer was for title and possession of an undivided $7/8$ interest in all the land, for an accounting and whatever sum defendant Lilly Anna Kramer was indebted to plaintiffs on account of money collected by her from Section 18 after allowing her reasonable expenditures and for title to and possession of the abstracts.

Defendants answered by plea of not guilty, specially denied that the deeds to Lilly Anna Kramer were given without consideration, and that such land was conveyed to her in trust, and alleged that such deeds conveyed the absolute title to her and specially plead the 3, 4, 5 and 10 years Statutes of Limitations. Vernon's Ann.Civ.St.Arts 5507, 5529, 5509, 5510. No findings and conclusions were requested or filed.

Appellants points are to effect that the court erred in rendering judgment for plaintiffs because the pleadings and uncontroverted testimony show that appellees (Frank and Marie Sidlo) deeded the land to appellant Lilly Anna Kramer in 1936 and 1937 and requested reconveyance thereof from her each year until 1949, when the suit was filed, and appellant Lilly Anna Kramer refused each and every year to reconvey said land; that appellant Lilly Anna Kramer has claimed said land since 1936, paid all taxes thereon since 1936, and appellee Frank Sidlo leased a part of said real estate from her during this time. That

appellee Frank Sidlo was restored to sanity in 1940 and had demanded reconveyance of said property each and every year since 1938, which appellant Lilly Anna Kramer had refused, claiming title thereto, and that she therefore acquired title thereto under the 10 year Statute of Limitations.

■ We note that although defendants plead the 4 year Statute of Limitations, Art. 5529, Vernon's Ann.Civ.St., appellants present no point relative to this article. They could not successfully do so because it has been authoritatively determined that a suit of this nature which is grounded on the existence of a trust unlike a suit which involves the setting aside of a deed because of the insanity of the grantor, Owen v. Free, Tex.Civ.App., 85 S.W.2d 1090, reversed on other grounds, 131 Tex. 281, 113 S.W.2d 1221, opinion adopted, or of fraud of the grantee, Deaton v. Rusk, 113 Tex. 176, 252 S. W. 1025, is an action for the recovery of real estate which is expressly excepted by Art. 5529. Stafford v. Stafford, 96 Tex. 106, 70 S.W. 75; Gilmore, et al. v. O'Neil, et al., 107 Tex. 18, 173 S.W. 203.

Appellants rely chiefly on the 10 year Statute of Limitations, Art. 5510, V. A. C. S. They also brief points applicable to the 5 year Statute of Limitations, Art. 5509, V. A. C. S., although they state in their brief: "Appellant is not depending in this appeal upon the five year Statute of Limitations."

■ The 10 year Statute may be easily disposed of. The evidence is ample to sustain an implied finding in support of the judgment that Frank Sidlo was insane on August 14, 1936, the date of the deed to his wife, and on August 21, 1936, the date of the deed from him and his wife to their daughter Lilly Anna Kramer (then Dittman) although he was not adjudged insane until March 30, 1937, and that such disability of insanity continued without interruption until he was restored to sanity by a judgment of the County Court of Pecos County on August 16, 1940; therefore limitation did not begin to run against him at the time actual possession of the land was taken by defendant Lilly Anna Kramer.

Art. 5518, V. A. C. S. and Kaack v. Stanton, 51 Tex.Civ.App. 495, 112 S.W. 702, Wr.Ref. The Statutes of Limitations were suspended as to him until he was restored to sanity on August 16, 1940, and since this suit was filed on May 16, 1949, ten years had not elapsed between these dates and appellants could acquire no title under the 10 year Statute.

We attach no importance to the deed of August 31, 1937, executed by Marie Sidlo as community survivor of the estate of Frank Sidlo. The deed from Frank Sidlo and his wife to Lilly Anna Kramer was voidable, but not void, and until this deed was set aside Section 18 constituted no part of the community estate of Frank Sidlo and Marie Sidlo, and the deed of August 31, 1937, passed no title to Section 18. Neal v. Holt, Tex.Civ.App., 69 S.W.2d 603, (Wr. Ref.).

We might rest here, but since appellants' points are broad enough to embrace the 5 year Statute we shall pursue the matter further. The evidence unquestionably shows without dispute that appellant Lilly Anna Kramer paid taxes on Section 18 for five consecutive years, beginning with the year 1942. However, the evidence raises an inference that some of these taxes were paid from proceeds of the sale of a portion of Section 18 to the Buena Vista Independent School District or from rents collected from leases of portions of Section 18. Also it appears that some of the taxes were delinquent when paid.

However, a more compelling reason why the trial court's judgment should not be disturbed because of the five year Statute is the implied finding in support of the judgment that Lilly Anna Kramer had not held adverse possession of Section 18 for the five year period. Adverse possession is defined by Art. 5515, V. A. C. S. as follows: " 'Adverse possession' is an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

The possession of claimant under the Statute must be hostile at least to the claim of his adversary. Tex.Jur. pp. 113–117,

Sections 59 and 60. In support of their contention that the undisputed evidence shows such hostile claim of Lilly Anna Kramer appellants refer to the testimony of appellee Frank Sidlo to effect that from 1938 through 1949 up to the date the suit was filed he had each year requested his daughter Lilly Anna Kramer to reconvey the property to him and that she had refused each and every time to do so. If this testimony stood alone it might be sufficient to support appellants' contention. But it does not stand alone. Appellee Frank Sidlo testified that his daughter had never told him that she owned the land, or that he had no interest in it, and that she had told him many times that the land belonged "to us" and (to) have the taxes paid up and that he had paid the taxes himself. Appellee George Sidlo testified that when the 12.88 acres were sold to the Buena Vista Independent School District in 1945 Lilly talked to his father and mother about it and they finally agreed on a price. He continued:

"Q. Did Lilly at any time along then claim she owned this land? A. No, sir.

"Q. Did she ever say that to you? A. No, sir.

"Q. Did she ever tell you she owned it? A. No, sir.

"Q. What has she told you? A. That she was taking care of it for mother and dad.

"Q. Did she tell you that on more than one occasion? A. Yes, sir.

"Q. Has that been true on down through the years since the deed was given to her? A. Yes, sir.

"Q. What was the general understanding among the family—the Sidlo people, about who owned that land? A. Well, that it belonged to mother and dad, and it would be conveyed back to them when they desired it."

Appellee Eugene Sidlo testified:

"Q. Has Lilly, at any time, ever said in your presence that she owned the land, and that your father and mother did not? A. No, sir, she never did.

"Q. Did she ever say it belonged to your father and mother? A. Yes, sir; she did.

\*    \*    \*    \*    \*    \*

"Q. A moment ago you testified that over this number of years, she never made any contentions of any land being owned by her, that she always acknowledged it belonged to your dad and mother. A. Yes, sir.

"Q. To your own knowledge, what do you know that she was actually saying with respect to restoring it to Mr. and Mrs. Sidlo? A. She would always say, 'Well, can't I take care of it as well as your mother and dad;' she felt like she could take care of it until it was restored and things were settled."

Appellee James Sidlo testified:

"Q. Did you find out what the reason was to make the deed of record? A. Well, dad was in this trouble for the criminal offense and I gathered he would probably be 'sent up the river' or in the penitentiary for it; and that this property was to be given to the older children in place of Eugene and I, who were minors and George would take the machinery and live stock and Lilly was to take care of the land.

"Q. Was it her land, or she would just keep it for your father and mother? A. Keep it for father and mother.

"Q. Did Lilly ever tell you that herself? A. Yes, she has.

"Q. More than once? A. Well, the exact words, she didn't, but to the effect that she was keeping it for mother and dad, and that just like George would take care of the livestock and machinery.

"Q. Were you present at Lilly's house in Monahans last Easter when the matter was discussed among members of the family? A. Yes, sir.

"Q. Do you remember who were present? A. Yes, sir.

"Q. Who was? A. Daddy, Lilly, and Joseph Kramer, Eugene, George and myself.

"Q. And what did Lilly say at that time? A. She was going to turn it back to dad."

Harrison Dyche, a witness for plaintiffs, testified that he talked to appellant Lilly Anna Kramer in April 1949 in connection with a lease of 320 acres of Section 18 which he was trying to procure:

"We discussed the question of the purchase of an oil and gas lease on the North-

west 320 acres of this Section 18, and she did not think my people were offering enough cash bonus, but stated that she was not the owner of the land and asked that I talk to her father, Frank Sidlo, and her brother, George Sidlo at Grandfalls."

\* \* \* \* \* \*

"On one of my conversations with Lilly Anna Kramer, as I recall it was on my visit of April 23rd, she told me that this land did not belong to her but was actually owned by her mother and father, that she was merely taking care of it for them."

This testimony is ample to sustain the trial court's implied finding in support of the judgment that appellants did not hold possession of Section 18 adversely to appellees for either a 3, 5 or 10 year period. Appellee Frank Sidlo's testimony on which appellants rely, when considered in connection with the testimony above outlined is entirely consistent with the alleged trust.

We find no reversible error and accordingly the judgment is in all respects affirmed.

PRICE, C. J., and SUTTON, J., concur.