Rubie WHALEN et vir, A. D. Whalen,
Appellants,

v.

E. K. RICHARDSON et al., Appellees.

No. 7090.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 22, 1962.

Wicks & Wicks, Ralls, for appellants.

T. Wesley Hook, Alvarado, Key, Carr, Carr & Clark, Lubbock, for appellees.

NORTHCUTT, Justice.

In this case appellant Rubie Whalen, joined pro forma by her husband, A. D. Whalen, sued appellees, E. K. Richardson, appellant's father, W. H. Richardson, and John W. Richardson, who are appellant's two step-brothers, and Jett Cowden, an alleged lien holder, in a trespass to try title to recover title and possession of 320 acres of land situated in Crosby County, Texas.

The case was tried to a jury, but at the close of the evidence, the trial court peremptorily instructed the jury to return a verdict in favor of the appellees and against the appellants. Judgment was rendered declaring appellee, E. K. Richardson, to be the owner in fee simple of the real estate involved in this suit and declaring appellee, Cowden, to be a lawful lien holder upon a portion of said real estate. Said judgment further declaring that appellees, John W. Richardson and W. H. Richardson and wife, Dama Richardson, should take nothing. From that judgment appellants perfected this appeal.

Since Mr. Richardson and Mr. and Mrs. Whalen are the interested parties herein, Mr. and Mrs. Whalen will hereinafter be referred to as appellants and Mr. Richardson as appellee.

In December, 1912 E. K. Richardson and Martha Alabama Leatherwood were married. Prior to this marriage Martha Alabama Leatherwood inherited from her father's estate the section of land here in question as her separate property. There were two daughters born to Mr. and Mrs.

Richardson, one died in infancy, and Mrs. Whalen was the only surviving child of this marriage. Mrs. Richardson died in August, 1946, intestate. Mrs. Whalen was formerly married to Thomas C. Ratheal and he died December 7, 1940. Mrs. Ratheal, together with her daughters, returned to the home of Mr. and Mrs. Richardson and resided there until the death of her mother. Mrs. Ratheal continued to live with her father until she and Mr. Whalen were married in December, 1946.

On July 19, 1947, Mr. and Mrs. Whalen executed an instrument releasing, relinquishing and quit-claiming unto E. K. Richardson, Mrs. Whalen's father, all their right, title, interest, and estate in and to the estate of Alabama Richardson, Mrs. Whalen's mother, both real and personal, which Mrs. Whalen may or might have in and to said estate by virtue of being the daughter of Alabama Richardson, except the 200-acre homestead. Said instrument further provided that Mrs. Whalen, joined by her husband, accepted the 200 acres of land together with all the improvements situated thereon as her full share in and to the estate of her mother. Prior to the death of Mrs. Richardson, she and Mr. Richardson had built a nice, brick home upon the 200 acres in question. This same instrument gave to Mr. Richardson the remaining 440 acres of said section.

On January 24, 1948 in Cause No. 2082 in the District Court of Crosby County, Texas, Mrs. Whalen filed suit against her father, and others, for the title and possession of the real estate that she had transferred to her father on July 19, 1947. On March 5, 1948, Mr. Richardson, who had remarried, and his wife, Elta Richardson, and Mr. and Mrs. Whalen entered into a partition deed stating that E. K. Richardson and Rubie Whalen were the sole and only heirs of Martha Alabama Richardson, and that they held in common the section of land in question, and by said partition deed Mrs. Whalen received 320 acres of said section which included all improvements,

and Mr. Richardson received the remaining 320 acres.

On April 7, 1948, Mr. and Mrs. Whalen filed in said Cause No. 2082 the following motion:

"Now comes the plaintiffs, Rubie Whalen, et vir, A. D. Whalen, and respectfully show to the court that all matters in dispute in the above entitled and numbered cause have been satisfactorily settled between the plaintiffs and defendants as evidenced by certain instruments of writing appearing in the office of the county clerk of Crosby County, Texas, filed since January 24, 1948, the date when said suit was filed."

"The plaintiffs therefore say that they will no further prosecute said suit and pray the court that the same be dismissed at the cost of the plaintiff."

The instrument here referred to as being filed since January 24, 1948 was the partition deed.

As requested in said motion said Cause No. 2082 was dismissed on April 7, 1948 at the cost of Mr. and Mrs. Whalen. On July 20, 1959, Mr. and Mrs. Whalen brought this suit to recover title and possession of the 320 acres deeded to Mr. Richardson in the partition deed dated March 5, 1948. In the partition deed Mr. and Mrs. Whalen bound themselves and their heirs to warrant and forever defend all and singular said premises unto E. K. Richardson, and E. K. Richardson gave the same warranty to Mr. and Mrs. Whalen as to the other 320 acres.

By appellants' first and second points of error it is contended the court erred in granting judgment for the appellees since there was sufficient evidence to be submitted to the jury to authorize a verdict for the appellants. By appellants' own testimony the only way she contends that the appellee defrauded her was that appellee contended they owned the property equally and she testified before making the partition deed,

that she had consulted an attorney and learned what her rights were. Appellants did not seek to have the deed given by appellants to the appellee cancelled and neither did appellants offer to place the parties in status quo but appellant, Mrs. Whalen, testified she was not willing for the appellee and wife to return and have the property as appellees' home but that Mr. Richardson could come and live with her but could not come with his wife.

A deed obtained by fraud is not void but voidable only as between the parties to this suit, appellee's title is prima facie good, and it could only be avoided by decree annulling and cancelling the deed executed by appellants. Deaton v. Rush, 113 Tex. 175, 252 S.W. 1025; Michna v. Crane, Tex.Civ. App., 28 S.W.2d 837; Wilkins v. Abercrombie, Tex.Civ.App., 162 S.W.2d 445; Meiners v. Texas Osage Cooperative Royalty Pool, Tex.Civ.App., 309 S.W.2d 898.

Here the appellants are depriving the appellee of his right to the use of the homestead so long as he lives, and state they are not willing to permit him to have said homestead. Here the appellants are seeking to recover title and possession of the land they deeded to the appellee without seeking to cancel the deed, but if they recovered title and possession it would have the effect of depriving appellee of his homestead rights. The appellants cannot repudiate their instrument and retain the benefits received thereunder and deprive the appellee of his homestead rights. In the case of Texas Company v. State of Texas et al., 154 Tex. 494, 281 S.W.2d 83, by the Supreme Court, it is stated:

"It is a familiar rule of equity that 'He who seeks equity must do equity.' Thus it is held that one seeking a cancellation of an instrument, with certain exceptions not pertinent here, must restore the original status; he cannot repudiate the instrument and retain the benefits received thereunder. Gibson v. Landcaster, 90 Tex. 540, 39 S.W.

1078; 7 Tex.Jur., Cancellation of Instruments, § 46, p. 958, et seq. In Black on Rescission and Cancellation, Second Edition, Vol. 3, § 616, p. 1482, it is said: '* * * it is necessary that a party seeking a rescission should offer or tender a restoration to the other and that the court, if appealed to, should be able to accomplish that result by its judgment or decree.' That restitution of benefits may be required even though their recovery in an action at law would be barred by the statute of limitations is also settled."

In the partition deed it is shown that there was some $10,000.00 indebtedness against the section of land and the appellants and appellee agreed that each would assume the payment of one-half of said indebtedness. Each of the parties made application to the Federal Land Bank for a loan, and each stated they owned the 320 acres in order to receive a loan to pay the original amount. Mrs. Whalen knew appellee had made the request for the loan and knew he claimed he owned the land. He told her he had made application for the loan and she knew that he stated in the application that he owned the land and she knew that he claimed the land. She acknowledged she had known for 12 years he was claiming the land in question. Appellee could have retained the homestead as long as he lived but he moved away and delivered possession to the appellant when the first deed was executed giving him the 440 acres of land and the appellant received the homestead. Then the appellant brought suit to recover the 440 acres. The appellee then agreed to return 120 acres to the appellants and pay one-half of the indebtedness. It was after the return of the 120 acres by appellee and the assumption of one-half of the indebtedness against the land that the parties made the partition deed, and appellants stated to the court that all matters of dispute had been satisfactorily settled between them and asked the court to dismiss the case, and on that request the case was dismissed.

We think all of the claims of the appellants are barred by the statute of limitations.

■ Mrs. Whalen also testified that she deeded a right-of-way on her part of the land and knew appellee gave a like deed as to part of his land and she did not question his right to sell the roadway. We are unable to see where there is any legal evidence to support a jury finding that the appellee was guilty of any fraud in connection with the partition deed in question or that appellants have the right to take advantage of any of the asserted technicalities urged by appellant. Accordingly, we overrule all of appellants' assignments of error, and affirm the judgment of the trial court.