SOCONY MOBIL OIL CORPORATION and Charles B. Athey and Jack D. Hodgden, Appellants,

v.

Marion J. BELVEAL et al., Appellees.

No. 5926.

Court of Civil Appeals of Texas.

El Paso.

June 12, 1968.

Rehearing Denied July 24, 1968.

William L. Kerr, Kerr, Fitz-Gerald & Kerr, Jack Akin, Stubbeman, McRae, Sealy & Laughlin, W. B. Browder, Jr., Tom Sealy, Rush Moody, James Fitz-Gerald, Midland, James Kerr, Ft. Stockton, J. K. Brim, Jr., Sulphur Springs, and E. B. Mitchell, Jr., Enid, for appellants.

Verne F. Knickerbocker, Midland, John J. Watts, Odessa, for appellees.

### OPINION

PRESLAR, Justice.

This is an appeal from an order granting the motions for summary judgment of the plaintiffs, Marion J. Belveal, Golda Belveal Branom, joined by her husband, Dudley Branom, Price M. Belveal, Martin E. Belveal, Will Wyler, Ernest Wyler, and Eldabell McKenzie joined by her husband, R. I. McKenzie, individually and as heirs of Myrtle Belveal, deceased, Ida Oberg, deceased, and Milda Wyler, deceased, against defendants Mobil Oil Corporation, Charles B. Athey and Jack D. Hodgden. All defendants appeal from such judgment, and additionally Mobil Oil Corporation assigns error in the failure of the court to grant its motion for summary judgment.

The order granting the plaintiffs' motions for summary judgment is reversed and remanded for trial, and the order is reversed and rendered as to that portion of Mobil Oil Corporation's motion for summary judgment which pertained to the cancellation of its oil and gas lease.

■ The plaintiff-appellees in their petition alleged:

"Plaintiffs bring this suit to set aside certain deeds and to recover possession and title to certain property which was taken from them by the fraud of defendants and which property defendants still fraudulently retain.

"Plaintiffs claim that they are entitled to ownership, title and possession of the following interest in lands and are entitled to have certain deeds set aside and to have adjudication of or reconveyance to them of ownership, title and possession of the following interest in lands:
* * *"

They then pleaded their title from the sovereignty of the soil, maintained that the court had jurisdiction of the out-of-state defendants under Article 1975 (because the suit was one for an interest in land), and they prayed for an award of title and possession. Their motions for summary judgment recite that they are based on their pleadings. Plaintiff-appellees, by their motions for summary judgment action, did not offer proof of their chain of title, superior title from a common source, nor did they offer proof negating the "not guilty"

and specially pleaded defenses. Defendants urge that this is fatal to the judgment entered, and they urge that they were entitled to all defenses allowed by their "not guilty" pleas and their specially pleaded defenses of laches, limitations and prior uncanceled deeds between the parties. Plaintiffs now disavow the trespass to try title action and maintain that the judgment can stand solely on their action for cancellation of the deeds under the claim of fraud and breach of fiduciary relationship. The judgment ordered cancellation of the deeds, ordered the defendants to execute various deeds to plaintiffs and their attorneys, and ordered the defendants to account for rents and revenues accrued during their possession. Thus the plaintiffs obtained all which they could have obtained under the trespass to try title count, and much argument is presented as to whether this was or was not such an action. Since plaintiff-appellees now urge that theirs is not a trespass to try title action, in the face of such abandonment it is probably unnecessary to consider such form of action as supporting the summary judgment rendered. *But* they also seek to rely on legal reasons to support the judgment—deeds improperly notarized and acknowledgments of some deeds by a party in interest—and they seek to show their establishment of a chain of title by reference to their pleadings. As to that, suffice it to say that pleadings are not the character of proof required for summary judgment. Rule 166–A, Texas Rules of Civil Procedure. In Land v. Turner, 377 S.W.2d 181 (Tex.1964), the Supreme Court summarized the burden of plaintiffs-appellees under this count:

"To recover in trespass to try title, the plaintiff must recover upon the strength of his own title. Hejl v. Wirth, 161 Tex. 609, 343 S.W.2d 226 (1961). He may recover by (1) proving a regular chain of conveyances from the sovereign, (2) by proving a superior title out of a common source, (3) by proving title by limitations, or (4) by proving prior possession, and that the possession had not been abandoned."

Each of these is an independent ground of recovery, but none of them were proved in the summary judgment action before us, so that the judgment cannot stand on such grounds in any event, whether abandoned or not.

Plaintiffs pleaded and admitted the execution and delivery of the deeds, their acceptance and retention of the consideration, and the present possession of the lands by the defendants. They contend that they should not be bound by them because of a form of fraud arising out of the deeds having been delivered in blank as to the grantee, the insertion of the name of defendant Athey as such grantee, and the existence of a fiduciary relationship between them and Athey. Stripped of the trespass to try title count, the plaintiffs' cause of action is one for cancellation of deeds by the grantors for fraud. Yet the judgment goes farther. It first cancels the seven deeds in which the plaintiffs are grantors and Athey is the sole grantee. It then orders Athey and the other defendants to execute deeds of special warranty to the plaintiffs and their attorneys, and to execute certain deeds between the various defendants, some conditioned on the delivery to the clerk of the court of other deeds, apparently to make up deficiencies and correct inequities among those defendants who were strangers to the canceled instruments, but deraigned their title thereunder. The various defendants were ordered to account for rents and revenues accrued during their possession, and in turn were to receive back out of such funds the consideration paid for their deeds. This being a summary judgment case, when we speak of the evidence or proof throughout this opinion, it will mean that we have viewed same in the manner required under Rule 166–A, T.R.C.P., as to which see Great American Reserve Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W. 2d 41 (Tex.1965). If we assume that the proof was sufficient to warrant cancella-

tion (but we expressly find that it was not), the judgment rendered cannot stand, for it goes beyond cancellation and, in effect, grants recovery as though in trespass to try title. Cancellation was a necessary preliminary step to recovery of the land. Chicago T. & M. Ry. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472; Deaton v. Rush (1923), 113 Tex. 176, 252 S.W. 1025. But the establishing of an equitable right—that they were entitled to cancellation—and the simple act of cancellation, could not operate to take the land away from all who were in possession under claims of title and restore it to plaintiffs. As a very practical matter, the solemn act of canceling the deeds—that they "be set aside, voided and held for naught"—left nothing to be conveyed, as thereafter ordered by the judgment, and certainly nothing to warrant as title.

■ Very simply stated, the suit was for cancellation, but the judgment was for complete recovery of the land, and it was against all parties claiming an interest therein. Athey was the only defendant who was a party to the canceled instruments. The other defendants were in possession under duly recorded deeds. Not being a party to the instruments sought to be canceled, they could have been made parties to the conflict only because of their interest in the land. Clearly, then, the judgment operates as an adjudication of title to an interest in land. These strangers to the canceled instruments, who were in possession under deeds of record, have had their title and possession taken from them in a summary proceeding seeking cancellation. Such an action to cancel a voidable deed is characterized as an in personam action, rather than a suit for recovery of land. Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025; Glenney v. Crane, 352 S.W.2d 773, ref., n. r. e.; (but see Free v. Owen, 131 Tex. 281, 113 S.W.2d 1221). Regardless of its characterization, it cannot operate to deprive these defendants of their title and possession without an adjudication of the basis of their claims to such title.

We think the judgment is also erroneous for that reason. Rule 789 provides that "Under such plea of 'not guilty' the defendant may give in evidence any lawful defense to the action except the defense of limitations, which shall be specially pleaded." This is held to include both legal and equitable defenses. Smith v. Baker (Civ. App.1964), 380 S.W.2d 725; ref., n. r. e., 383 S.W.2d 570. And where the defendant pleads "not guilty", the burden is on the plaintiff, as movant for summary judgment, to show that the defendant had no such defenses. Briggs v. Freeway Park Development Company, Tex.Civ.App., 366 S.W.2d 270, ref., n. r. e.; Gage v. Owen, Tex.Civ.App., 396 S.W.2d 189, n. w. h.; 56 Tex.Jur.2d, "Trespass to Try Title", p. 248, § 119.

■ We are of the opinion that the prior uncanceled deeds, pleaded by the defendants, is a bar to the judgment rendered. Two sets of deeds were executed by the plaintiff-grantors in this transaction. These deeds were identical as to the parties and properties, except that one set was on "Oklahoma forms", while the other set was on "Texas forms". This suit sought cancellation of the "Texas form" deeds only. When the transaction for the purchase-sale of the property was originally consummated, the deeds (seven in number) of the grantors were executed and delivered on the printed Oklahoma forms and the consideration of $105,000.00 was paid. About a week after the delivery of these deeds, on the suggestion of one who acquired an interest thereunder, seven new deeds were executed and delivered on printed Texas forms by all parties grantors. Both sets of deeds were executed in blank as to the grantee, the name of defendant Athey was inserted as grantee by him on these Texas form deeds, and they were thereafter filed for record in Pecos County. The Oklahoma form deeds still remain in the possession of Athey, uncanceled, and unchallenged in fact, and of a form sufficient to pass title fully under Texas law. Perhaps the situation is as

simple as this: "A" having given two deeds to "B" conveying Whiteacre, and having sought cancellation of only one of them, has gained nothing, for the other deed is still outstanding until canceled, even as was the one canceled. Whalen v. Richardson, Tex.Civ.App., 353 S.W.2d 941, n. w. h., cites the controlling rule of law:

"A deed obtained by fraud is not void but voidable only as between the parties to this suit, appellee's title is prima facie good, and it could only be avoided by decree annulling and cancelling the deed executed by appellants. Deaton v. Rush, 113 Tex. 175, 252 S.W. 1025; Michna v. Crane, Tex.Civ.App., 28 S.W.2d 837; Wilkins v. Abercrombie, Tex.Civ.App., 162 S.W.2d 445; Meiners v. Texas Osage Cooperative Royalty Pool, Inc., Tex.Civ.App., 309 S.W.2d 898."

■ The judgment is also erroneous in that there is an absence of necessary parties, which absence was raised by pleas to abate, and was not cured by the unilateral stipulation of the plaintiffs (referred to as paragraph 31 of their pleadings) as to any innocent purchasers for value.

On the basis of the foregoing, the judgment granting appellee-plaintiffs' motions for summary judgment is reversed and the cause remanded for trial.

## MOBIL'S MOTION FOR SUMMARY JUDGMENT

■ In addition to granting plaintiffs' motions for summary judgment, the judgment here appealed from also denied the motion for summary judgment of Mobil Oil Corporation. By such motion Mobil contended that an oil and gas lease owned by it on a portion of the land involved was a valid and existing lease, and that the fee title it obtained to an undivided interest in the property should be upheld because it was an innocent purchaser for value. The granting of plaintiffs' motion for summary judgment, as noted, ordered the reconveyance of the fee title, and such order also ordered the cancellation of an oil and gas lease under which Mobil was operating and producing, and declared the interest unleased as of March 20, 1962. The premises being in and a part of a unitization agreement, the order also substitutes the plaintiffs as members of such unit from the beginning and effective date of such unitization. Our reversal of such summary judgment order sends the matter back for trial, but we are of the opinion that nothing more remains to be determined as to the cancellation of the oil and gas lease of Mobil, and that Mobil is entitled to judgment of rendition under its motion for summary judgment asking that the lease be declared valid. The original lease was for a ten-year term beginning March 19, 1952. On May 19, 1961, some ten months prior to expiration of the primary term, Charles Athey, individually, as trustee for others not parties hereto, and as attorney in fact for the plaintiffs and others, executed an extension agreement, extending the lease for a term of two years. It is this extension agreement which the plaintiffs attacked on the grounds that it was secured through fraud and conspiracy or that Athey was without authority to extend the lease. We think the proof offered overcomes both of these contentions. Any and all acts relied on to establish fraud occurred long after the execution of the extension agreement on May 19, 1961, and there is no fact question as to fraud in the execution. The power of attorney under which Athey acted was executed by plaintiffs and other interest owners and placed of record in 1960. It provides Athey with the power to lease for such terms and prices as he sees fit, but does not specify that he can extend leases. We think the powers given are sufficient to cover the extending that was done here, for the instrument gave Athey the power to do any and everything about the premises which the grantors could do; also, in effect, the extension agreement was a lease. Even if the power did not exist in the instrument itself, the plaintiffs have accepted the benefits of the extension agreement, thus ratifying what was done,

and have estopped themselves from now disavowing what was done, by standing by while Mobil expended large sums for development. Mobil paid $72,423.51 in consideration of the extension of the lease. The plaintiffs admit in their pleadings and depositions that they received and accepted this money, and delay rentals under the extended lease were paid to the depository bank selected by the plaintiffs for the respective account of each. The action of the trial court in setting aside and holding for naught the Extension of Lease dated May 19, 1961, extending the oil and gas lease of March 19, 1952, recorded in Volume 192, page 368, Lease Records of Pecos County, Texas, is reversed and judgment here rendered declaring same valid.

█ Mobil Oil Corporation's motions for summary judgment sought to validate its fee title to an interest in the property here involved on the basis that it was an innocent purchaser for value without notice of the alleged fraud. We are of the opinion that under the proof required for summary judgment this position is not established as a matter of law, and that a fact question exists. Mobile purchased its interest from Athey in October of 1962. The alleged acts of fraud are in connection with the sale by the plaintiffs to Athey in the early part of that year (March and April). One J. K. Brim, Jr., an employee and admittedly an agent for Mobil, participated in the transactions. Under ordinary circumstances, knowledge of the agent is imputed to the principal. But Mobil seeks to avoid this under an exception to the general rule, by showing that the agent was violating his duty to the principal and was on a course of dealing for himself.

█ A bona fide purchaser is one who makes a good faith purchase of real property for a valuable consideration without actual or constructive notice of an outstanding equity or an adverse interest or title. Garrison v. Crowell et al., 67 Tex. 626, 4 S.W. 69; Middleton et al. v. Johnston, 110 S.W. 789, Tex.Civ.App., err.

ref'd.; Houston Oil Company et al. v. Niles, 255 S.W. 604, Com.App. Our holding, as summarily stated earlier in this opinion, is that fraud was not established as a matter of law for purposes of summary judgment—that a fact question exists. That is not a finding that as a matter of law there was no fraud, but leaves the matter to be determined on trial. If in fact there was fraud, Mobil's agent, Brim, was in a position to have knowledge of it. Mobil has the burden, as movant for summary judgment here, to establish as a matter of law that Brim was acting so contrarily to their interests as to except them from the general rule that notice to the agent is notice to his principal. The exception is a well established rule of law and is well-stated in Holmes v. Uvalde Nat. Bank, 222 S.W. 640 (Civ.App., err. ref.):

> "The rule imputing notice to the principal of the acts of agents is usually based upon the theory that it is the duty of the agent to communicate to his principal the knowledge possessed by him relating to the subject-matter of the agency, and the presumption that he has performed that duty. But this presumption is destroyed where the agent, though nominally acting as such, is in reality acting in his own or another's interest, and adversely to that of his principal." (Citing numerous authorities).

We are of the opinion that the nature of Brim's acts, and the time of their commission as relates to the time of Mobil's purchase, are not so established as a matter of law as to bring them under the exception and entitle Mobil to summary judgment.

The order granting plaintiffs' motions for summary judgment is in all things reversed and the cause remanded for trial; in its denial of Mobil's motion for summary judgment, the order is reversed as to the cancellation of Mobil's lease above described, and judgment is here rendered declaring such lease valid; and the denial of Mobil's motion for summary judgment is otherwise affirmed.