**Q. Z. VALENTINE, Appellant,**

v.

**Woodrow COLLEY, Appellee.**

**No. 3423.**

Court of Civil Appeals of Texas.

Waco.

Oct. 4, 1956.

Bryan, Maxwell, Bryan & Wilson, Waco, for appellant.

Carl C. Anderson, Waco, for appellee.

TIREY, Justice.

Pertinent to this discussion, this is an action by appellee to have a lien held by him on real property in the City of Waco declared superior to a lien held by appellant on the same property. The action is grounded on the theory that appellant was not an innocent purchaser for value. Appellant filed a general denial and cross-action, alleging that he was in all things an innocent purchaser for value of his note and lien, and prayed the court to enter judgment foreclosing his lien against such property. At the conclusion of the testimony the court overruled appellant's motion for an instructed verdict and submitted one issue to the jury, as follows:

"Do you find from a preponderance of the evidence, if any, that on the 4th day of February, 1955, the date of the assignment from AAA Lumber Co. to Q. Z. Valentine, that Q. Z. Valentine had actual knowledge that the lien for $22,000.00, dated May 29, 1954, executed by Jack D. Harp in favor of Woodrow Colley, constituted an unsatisfied indebtedness due Woodrow Colley?", to which the jury answered "He did."

Thereafter, the court overruled appellant's motion for judgment non obstante veredicto and granted plaintiff's motion for judgment on the verdict and decreed that appellee's lien in the amount of $22,000 dated May 29, 1954, executed by Jack D. Harp, is hereby declared prior and superior to the lien held by Q. Z. Valentine under the assignment of the AAA Lumber Company, and the said lien is hereby re-established to its original position. It was

further decreed that appellant had actual notice that the plaintiff's lien constituted an unsatisfied indebtedness due the plaintiff on the date Valentine accepted the assignment and foreclosed plaintiff's lien. The decree granted Valentine a judgment against Jack D. Harp for the amount of his debt but denied him all other relief. Only Valentine has appealed.

Appellant assails the judgment entered on two points. They are substantially: (1) the trial court erred in finding that Valentine was not an innocent purchaser, for the reason that notice of the facts set forth in Issue No. 1 is not notice of such a nature as would prevent Valentine from being an innocent purchaser for value; and (2) the court erred in overruling appellant's motion for an instructed verdict, and his motion for judgment non obstante veredicto and in entering judgment for appellee, because the undisputed evidence shows that appellant was an innocent purchaser for value of the note and lien from the AAA Lumber Company.

■ It is our view that this cause must be affirmed for reasons which we shall hereafter briefly enumerate. First of all, we have read the entire evidence tendered in this cause and we are of the view that it presents an issue of fact to be passed upon by a jury, and while the testimony tendered is in sharp conflict, yet we feel that to set it out would not be of any precedential value, and for that reason we do not do so.

■ As a reviewing court, it is our duty to consider the evidence and the inferences properly to be drawn therefrom in the light most favorable to the party obtaining the verdict, and it is our duty in considering controverted issues of fact to accept as true that testimony which tends to support the verdict. 3-B Tex.Jur. pp. 370 and 372. Moreover, "Where the facts are controverted, or are such that different inferences may be reasonably drawn therefrom, an issue of fact is raised; it is only where the evidence is harmonious and consistent, and the circumstances permit of but one conclusion, that the question

becomes one of law for the determination of the court. An issue of fact is raised 'if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.'" (Citing cases.) See Olds v. Traylor, Tex.Civ.App., 180 S.W.2d 511, 514, points 8 and 9 (writ ref.). Applying the foregoing rule to the factual situation here, and rejecting all evidence save that favorable to the answer of the jury to Issue No. 1, we think it is our duty to hold that the evidence was sufficient to support the jury's finding on Issue No. 1. Moreover, "'It was the jury's province to weigh all of the evidence, to decide what credence should be given to the whole or to any part of the testimony of each witness. "The jury were the judges not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences were not unreasonable."'" See Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 at page 199, point 6. We think the foregoing rule is applicable here, and that the inferences drawn and the finding made by the jury under all the facts and circumstances were not unreasonable. No rule is better settled than the one to the effect that if there is evidence of probative value to sustain the findings of the jury, the appellate court is bound by such findings. See Lynch v. McLendon, Tex.Civ.App., 283 S.W.2d 88, point 3 (no writ history) and cases there collated.

■ Going back to the rule as to what constitutes an innocent purchaser for value, we find that there is a very good statement contained in Mineral Holding Trust Co. v. Stovall, Tex.Civ.App., 288 S.W.2d 849, statement of the rule on page 852. We quote:

"The innocent purchaser doctrine states that the innocent purchase in good faith and for value of the legal title, cuts off all outstanding equities.

In 43B Tex.Jur., page 4, Sec. 701, a bona fide purchaser is defined as one 'who acquires the apparent legal title to property in good faith for a valuable consideration and without notice of a claim or interest of a third person under the common source of title.' Aside from the requirement that the apparent legal title pass, the three elements essential to a bona fide purchase are: (1) good faith, (2) a valuable consideration, and (3) absence of notice."

The foregoing statement of the rule is in accord with the pronouncements of our Supreme Court in Houston Oil Co. of Texas v. Hayden, 104 Tex. 175, 135 S.W. 1149; Strong v. Strong, 128 Tex. 470, 98 S.W.2d 346, 108 A.L.R. 739. Since the jury believed the statements made by the witness Anderson to the effect that he advised appellant of the fraud perpetrated on appellee with reference to the appellee accepting the deed cancelling a prior debt and lien, such actual notice was sufficient to put appellant on inquiry which, if pursued, would have fully disclosed the fraudulent nature of the transaction. For the reasons above stated, the judgment of the trial court must be affirmed.