In re AMERICA WEST AIRLINES,
INC., Debtor.

AMERICA WEST AIRLINES,
INC., Plaintiff,

v.

CITY OF EL PASO, Defendant.

Bankruptcy No. B–91–07505–PHX–RGM.
Adversary No. 96–00063.

United States Bankruptcy Court,
D. Arizona.

March 31, 1997.

Charles R. Sterbach, Gallagher & Kennedy, Phoenix, AZ, for Debtor.

Kent M. Rider, Calame Linebarger Graham & Pena, Austin, TX, for City of El Paso, Texas.

James E. Cross, Dillingham Cross, Phoenix, AZ, for City of El Paso, Texas.

Christopher J. Pattock, United States Trustee's Office, Phoenix, AZ, trustee.

## OPINION AND ORDER DENYING CITY OF EL PASO'S MOTION FOR SUMMARY JUDGMENT; AND ORDER GRANTING DEBTORS' CROSS–MOTION FOR SUMMARY JUDGMENT

ROBERT G. MOOREMAN, Bankruptcy Judge.

This matter is before the Court pursuant to the City of El Paso, Texas' ("El Paso") Motion for Summary Judgment and Debtor's Response and Cross–Motion for Summary Judgment. A hearing was held December 4, 1996 on the Motion and Cross–Motion for Summary Judgment. Debtor was granted until December 16, 1996 to file a Response to the additional cases submitted by El Paso at the hearing. Debtor filed its Response to El Paso's additional cases on December 16, 1996 at which time the matter was taken under advisement. After due consideration of the pleadings, the record herein, and under the present posture of the case, the Court finds and concludes the following in making its decision.

1. The subject of the Motion for Summary Judgment and Cross–Motion for Summary Judgment is the tax claims filed by the City of El Paso ("El Paso").

2. On June 27, 1991 Debtor filed its petition under Chapter 11 of the Bankruptcy Code (the "Petition Date").

3. On January 28, 1992 El Paso filed a Proof of Claim in the amount of $456,788.95 for delinquent ad valorem taxes, penalties and interest for the 1991 tax year (El Paso's original Proof of Claim). El Paso's Proof of Claim was titled as an Administrative Proof of Claim and included in the total amount of the claim, El Paso sought $59,581.17 in penalties and interest. The January 28, 1992 Proof of Claim was assigned claim number 2035.

4. In February 1992, El Paso filed two additional Administrative Proofs of Claim. El Paso's second Proof of Claim was in the amount of $456,788.95 and was for tax year 1991 and included $59,581.17 in penalties and interest; El Paso's second Proof of Claim was assigned claim number 2095. El Paso's third Proof of Claim was in the amount of $456,788.95 and was for tax year 1991 and included $59,581.17 in penalties and interest; El Paso's third Proof of Claim was assigned claim number 2113.

5. The Bar Date for Claims in the instant case was February 28, 1992. All three of the Proofs of Claim asserted by El Paso were filed before the Bar Date and were timely.

6. On January 28, 1996 Debtor filed an objection to the duplicate claims filed by taxing authorities which sought the disallowance of the two earlier Proofs of Claim filed by El Paso (Claim Nos.2035 and 2095) on the grounds that these earlier Proofs of Claim were duplicative of Claim No. 2113. No order has been entered by the Court disallowing the duplicative claims of El Paso.

7. On August 10, 1994 the Debtor's Plan of Reorganization was confirmed and the Effective date of the Plan was August 25, 1994.

8. On August 13, 1994 Debtor filed its Objection to Certain Tax Claims seeking an order disallowing post-petition penalties and interest asserted by certain taxing authorities for pre-petition taxes, including El Paso's claim for $59,581.17 in penalties and interest.

9. On September 24, 1994 El Paso filed a Plea to Jurisdiction and Response to Debtor's Objection to Certain Tax Claims.

10. On February 1, 1996 the Court entered an Order designating the above-cap-

tioned Adversary proceeding to resolve all remaining disputes between El Paso and Debtor in the Bankruptcy case.

11. On August 19, 1996 El Paso filed its Motion for Summary Judgment in this Adversary proceeding. Through its Motion for Summary Judgment, El Paso withdrew its characterization of its claim as "administrative" and conceded that it was not entitled to recover statutory penalties on its claim. The Motion sought summary judgment allowing its secured claim against the Debtor in the amount of the 1991 tax base ($397,207.78) plus interest.

12. On September 16, 1996 Debtor filed its Response to El Paso's Motion for Summary Judgment and its Cross–Motion for Summary Judgment. Debtor identified that the Court had not entered an order on the duplicative claims of El Paso and requested that the resolution of the Motion and Cross–Motion also dispose of the duplicative claims of El Paso. Debtor's Cross–Motion sought the disallowance of any interest on the basis that El Paso's claim was not over-secured and therefore not entitled to post-petition interest on the claim; the Cross–Motion also sought the disallowance of all claims asserted by El Paso on the basis that the affixing of El Paso's alleged statutory lien is avoidable under the Bankruptcy Code and that section 502(d) provides for the total disallowance of the claim because El Paso has refused to relinquish its lien.

13. At the hearing held on December 4, 1996, El Paso reiterated that it was not seeking any penalties and, in response to the issue of duplicative claims, consented to the disallowance of the duplicative claims and advised the Court that El Paso was only seeking the allowance of Claim No.2035. Debtor's counsel agreed that the Court would only consider Claim No.2035. Additionally at the hearing, El Paso admitted that the former version of Texas Tax Code § 32.03, and not the present version, was the statute in effect on June 27, 1991, which is the Petition Date; and that the former version of § 32.03 is the controlling provision for determining whether El Paso's alleged lien would have been enforceable under Texas

law against a hypothetical bona fide purchaser as of the Petition Date.

14. The parties agree that the issues raised in the Motion and Cross–Motion for Summary Judgment are legal in nature and that there are no genuine issues of material fact in dispute which would prevent the Court from entering summary judgment.

### 1. Duplicative Claims.

Initially, the Court will dispose of the duplicative claims filed by El Paso. Based on the record and representations of the parties at the December 4, 1996 hearing, the Court finds and concludes that Claim Nos.2095 and 2113 are duplicative of Claim No.2035 and are hereby disallowed.

### 2. Creation of the Statutory Tax Lien.

El Paso's tax lien on Debtor's personal property arises under the operation of the Texas Tax Code. The Court finds and concludes that the provisions of the applicable non-bankruptcy law in effect on the Petition Date control in the establishment of any potential pre-petition tax claims asserted against the estate by El Paso. On the Petition Date, § 32.01 of the Texas Tax Code provided, "On January I of each year, a tax lien attaches to property to secure the payment of all taxes ... ultimately imposed for the year on that property." Tex. Tax Code Ann. § 32.01 (West 1990). Section 32.05 of the Texas Tax Code explicitly states that a tax lien takes priority over any other lien on the property, whether or not the debt or lien existed before the attachment of the tax lien. Tex. Tax Code Ann. § 32.05 (West 1990); *City of Boerne v. Boerne Hills Leasing Corp. (In re Boerne Hills Leasing Corp.)*, 15 F.3d 57, 59 (5th Cir.1994).

Following the submission by the Debtor of the value of personal property for the assessment of ad valorem taxes, the governmental entity responsible for appraising property in El Paso for ad valorem taxation accepted the rendered value. Based on the appraisal of Debtor's property, El Paso assessed $397,-207.78 as the base tax on personal property for the 1991 tax year. Beyond the assessment and notification of the base tax, the record does not reflect, nor does El Paso

argue in its pleadings, that El Paso otherwise perfected its tax lien.

Accordingly, the Court finds and concludes, under Texas law, that El Paso's claimed lien for taxes on the personal property of the Debtor attached on January 1 of 1991 by operation of the above-cited statutory provision, and therefore created a statutory lien in favor of the City of El Paso for the 1991 personal property taxes.

### 3. Allowance or Disallowance of Claims.

██ Section 502 of the Bankruptcy Code governs the allowance and disallowance of claims and interests in the Bankruptcy context. See 11 U.S.C. § 502. A claim or interest is deemed allowed following the filing of a proper proof of claim unless a party in interest objects to the claim. 11 U.S.C. § 502(a). In the instant case, Debtor has objected to the Proof of Claim filed by El Paso. Subsection (b)(1)–(9) of 11 U.S.C. § 502 provides the general objections which may be raised to a properly filed proof of claim and upon which a claim may be disallowed by the Court. However, other subsections of 11 U.S.C. § 502 apply to the specific criteria contained therein and also control in those specific instances for the allowance or disallowance of claims. Subsection (d) of 11 U.S.C. § 502 provides:

Notwithstanding subsections (a) and (b) of this section, *the court shall disallow any claim of any entity* from which property is recoverable under section 542, 543, 550, or 553 of this title or *that is a transferee of a transfer avoidable under section 522(f)*. *522(h), 544, 545, 547, 548, 549, or 724(a)* of this title unless such entity or transferee has paid the amount, or turned over any such property for which such entity or transferee is liable.... 11 U.S.C. § 502(d) (Emphasis added).

The Debtor has argued that El Paso's Claim is avoidable under 11 U.S.C. § 545. Section 545 of the Bankruptcy Code allows for the avoidance of statutory liens on property of the debtor.

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

. . . .

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property, whether or not such a purchaser exists.

. . . .

11 U.S.C. § 545.

Under the Bankruptcy Code, a debtor in possession has the same rights and powers, and shall perform the same functions and duties as a trustee serving in a chapter 11 case. 11 U.S.C. § 1107(a).

Section 546(a) establishes a statute of limitations on the trustee's avoidance powers provided by sections 544, 545, 547, 548 or 553. The statute of limitations establishes a bar to the commencement of an action or proceeding after the earlier of (1) 2 years after the entry of the order for relief, or 1 year after the appointment or election of a trustee before the 2 year period following the entry of the order for relief; or (2) the close or dismissal of the case. 11 U.S.C. § 546(a).

The Court finds and concludes, based upon the record before it, that the Debtor did not commence an action or proceeding to avoid the statutory lien claimed by El Paso within the limitations period established by 11 U.S.C. § 546(a). However, the present issue before the Court is not whether Debtor is barred from commencing an avoidability action or proceeding as a result of the operation of the statute of limitations contained in section 546. Instead, the question is whether Debtor may object to El Paso's Claim under the provisions of section 502. The clear language of section 502(d) therefore frames the question before the Court to be whether the transfer is avoidable under section 545.

Section 545 does not itself contain a limitations period within it; nor does it refer to section 546 of the Bankruptcy Code. The Court finds and concludes that section 545 only details the elements which make a specific type of transfer avoidable. See *Committee of Unsecured Creditors v. Commodity Credit Corp. (In re KF Dairies. Inc.)*, 143 B.R. 734, 737 (9th Cir. BAP 1992); *United States Lines. Inc. v. United States (In re McLean Indus., Inc.)*, 196 B.R. 670 (S.D.N.Y.

1996). There would be no purpose for section 502(d) to be included in the Bankruptcy Code if it only applies when an independent avoidance action seeking the affirmative turnover of the property or interest from the transferee could be affirmatively maintained by the trustee. *KF Dairies,* 143 B.R. at 737. The plain reading of section 502(d) reveals that the court shall disallow a claim held by a transferee if the transferee holds the transferred interest which is avoidable under section 545; the transfer is avoidable if it satisfies all of the elements of section 545 and neither the Bankruptcy Code or Bankruptcy Rules specify any limitations period within which the trustee or debtor in possession must object to claims. *McLean Indus.,* 196 B.R. at 675–677.

The Court finds and concludes, although the trustee or debtor in possession may be barred from commencing an avoidance action under section 545 for the affirmative turnover of property or an interest in property, that a claim may be challenged by the trustee or debtor in possession under section 502(d) using the section 545 criteria to establish an avoidable transfer. Therefore, while the trustee or debtor in possession is barred from *affirmatively* seeking the return of the property or interest, the trustee or debtor in possession may use section 502(d) after the statute of limitations period for avoiding claims to *defensively* object to a claim asserted by a party if the elements of section 545 are established. Accordingly, the question in this case centers on the avoidability of the statutory lien.

### 4. Avoidability of Tax Lien.

■ The statutory lien which was created by operation of the Texas Tax Code is avoidable in the Bankruptcy context. Under the provisions of the Texas Tax Code in effect on the Petition Date, a taxing authority's liens were explicitly unenforceable against personal property transferred to any bona fide purchaser for value who does not have notice of the existence of the lien. Tex. Tax Code Ann § 32.03 (West 1990);[1] *Boerne*

*Hills,* 15 F.3d at 59; see also *In re Winn's Stores, Inc.,* 177 B.R. 253 (Bankr.W.D.Tex. 1995). In Texas a bona fide purchaser maintains four essential elements. A bona fide purchaser is a person who (1) in good faith, (2) purchases property, (3) for value, and (4) without notice. *Winn's* 177 B.R. at 253.

■ Under the Bankruptcy Code, the trustee or debtor in possession may avoid a statutory lien to the extent that it is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property, whether or not such a purchaser exists. 11 U.S.C. § 545. Section 545 creates a hypothetical bona fide purchaser test to be applied in determining the avoidability of a statutory lien. The Court finds and concludes that section 545 allows the trustee or debtor in possession to avoid a statutory lien on property of the debtor if the statutory lien would not be enforceable against a hypothetical bona fide purchaser and the knowledge of the Trustee or the debtor in possession is not material to the determination of a hypothetical bona fide purchaser's notice of any potential tax liens. Under Texas law, the hypothetical bona fide purchaser is someone who meets all four of the elements stated above, including lack of notice; and under the Texas Tax Code, the statutory tax lien is not enforceable against a bona fide purchaser without actual notice. Accordingly, the Court finds and concludes that as of the commencement of the case, El Paso's statutory lien was not enforceable against a hypothetical bona fide purchaser and its lien could be avoided under section 545 and is therefore avoidable.

### 5. Conclusion.

■ Based on the foregoing, the Court finds and concludes that the Debtor may object to the Claim filed by the City of El Paso and may also invoke section 502(d) in defending against the asserted claim of El Paso. El Paso has refused to relinquish its assertion of the purported validity of its statutory lien, therefore El Paso's Claim shall be disallowed in its entirety by operation of

---

1. Section 32.03 of the Texas Tax Code provides: A tax lien may not be enforced against personal property transferred to a bona fide purchaser for

value who does not have actual notice of the existence of the lien....
Tex. Tax Code Ann. § 32.03 (West 1990).

section 502(d) because the statutory lien upon which El Paso's Claim is based is avoidable under section 545 of the Bankruptcy Code.

Accordingly,

IT IS ORDERED disallowing Claim Nos. 2095 and 2113 filed by El Paso as duplicative of Claim No.2035; the Court will only consider Claim No.2035 in making its ruling;

IT IS FURTHER ORDERED that there are no material issues of fact in dispute which would preclude the Court from entering summary judgment.

IT IS FURTHER ORDERED THAT El Paso's claim is an avoidable statutory lien under Section 545.

IT IS FURTHER ORDERED that El Paso's remaining claim # 2035 is disallowed in its entirety under section 502(d);

IT IS FURTHER ORDERED directing counsel for Debtor to lodge a form of order consistent herewith forthwith which when signed, filed and docketed shall be the final order herein.

IT IS SO ORDERED.