In re BLUE RIDGE SHADOWS
HOTEL & CONFERENCE
CENTER, LLC, Debtor.

Summit Community Bank, Plaintiff

v.

Blue Ridge Shadows Hotel & Confer-
ence Center, LLC, Plumbing Mart of
Florida, Inc., Corporate & Franchise
Interiors, Inc., Executive Protection
Systems, Inc., Herman–Stewart Con-
struction and Development, Inc., Hunt
Court Partners, Defendants.

Bankruptcy No. 08–51271.
Adversary No. 09–05020.

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Nov. 30, 2009.

Mark B. Callahan, Harrisonburg, VA, for Plaintiff.

Blue Ridge Shadows Hotel & Conference Center, LLC, Front Royal, VA, pro se.

Plumbing Mart of Florida, Inc., Glen Allen, VA, pro se.

William Edward Callahan, Jr., Leclair Ryan Flippin Densmore, Roanoke, VA, Bradley G. Pollack, Woodstock, VA, Matthew M. Moore, Potomac, MD, for Defendants.

Hunt Court Partners, Leesburg, VA, pro se.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the Court for decision involves the complaint by Summit Community Bank (hereafter the "Plaintiff") to determine if the mechanic's liens held by Plumbing Mart of Florida, Inc. (hereafter "Plumbing Mart"), Corporate & Franchise Interiors, Inc. (hereafter "CFI"), Executive Protection Systems, Inc. (hereafter "EPS"), Herman–Stewart Construction (hereafter "Herman–Stewart") and the memorandum of *lis pendens* filed by Hunt Court Partners (hereafter "Hunt Court") are valid. These liens and *lis pendens* are asserted against the real property of Blue Ridge Shadows Hotel & Conference Center, LLC, which is located in Warren County, Virginia (hereafter the "Property"). Plaintiff seeks to challenge the validity of the lien held by Plumbing Mart of Florida, Inc. under 11 U.S.C. § 545, the validity of the liens held by CFI, EPS, Herman–Stewart and the *lis pendens* filed by Hunt Court under 11 U.S.C. § 506(a) and Federal Rules of Bankruptcy Rule 7001(2).

Trial was held on September 22, 2009. At trial, the Plaintiff advised the Court that it had settled its claim against Herman–Stewart and an order dismissing, with prejudice, the Plaintiff's proceeding against Herman–Stewart was entered by the Court on September 24, 2009. Additionally, Herman–Stewart filed a crossclaim against the CFI, EPS and Hunt Court on June 8, 2009. The crossclaim was to be heard at the same time as the above-captioned proceeding. Herman–Stewart failed to appear and thus, the Court entered orders on September 28, 2009 and October 14, 2009, dismissing, with prejudice, the cross-claims against CFI and EPS. Hunt Court failed to appear at the trial or file any pleading responding to Plaintiff's complaint. Hunt Court also failed to state the amount of its claim in the memorandum of *lis pendens*, as required by statute and thus, the Court entered an order on October 2, 2009 that removed Hunt Court's memorandum of *lis pendens* from the land records of Warren County Virginia. Lastly, the Court found that the Plaintiff had failed to gain proper authorization from the Court to act as a trustee or debtor-in-possession when it sought to avoid the mechanic's lien of Plumbing Mart, under 11 U.S.C. § 545, though such authorization is required. *See, City of Boerne v. Boerne Hills Leasing Corp. (In re Boerne Hills Leasing Corp.)*, 15 F.3d 57 (5th Cir.1994).[1] Since the Plaintiff lacked standing to prosecute

---

1. The language of 11 U.S.C. § 545 states that only: "The trustee may avoid the fixing of a statutory lien on property of the debtor ..."

its complaint against Plumbing Mart the Court entered an order on October 23, 2009 dismissing, with prejudice, this adversary proceeding with respect to Plumbing Mart. The mechanic's lien claims of CFI and EPS are determined in this Decision and Order.

## FACTS

I. The Mechanic's Lien Claimants

A. CFI. On October 17, 2009, CFI filed a memorandum of mechanic's lien in the amount of $228,761.33 with the Circuit Court of Warren County. The portion of CFI's mechanic's lien at issue here includes claims of: $35,500.18 for supply of sleeper sofas, lounge chairs and desk lamps; $4,209.90 for sofas, pillows, game tables, desks and benches; $40,653.31 for chairs, artwork and mirrors; and $11,182.62 for chairs, tables, lamps and lamp shades. Additionally, under the heading "Types of Materials or Services Furnished" CFI's mechanic's lien stated, "Designed, selected, purchased, furnished and installed interior commercial, restaurant and guestroom furniture, fixtures, equipment window treatments, carpet, and wall coverings for resort hotel and restaurant." Pursuant to Virginia Code § 43–3, CFI's mechanic's lien attached to the Property.

B. EPS. On October 29, 2008, EPS filed a memorandum of mechanic's lien in the amount of $56,034.43 with the Circuit Court of Warren County. The portion of EPS's mechanic's lien at issue here includes claims of: $1,257.20 for flat panel LCD monitors; $1,478.25 for coaxial cable; $162.56 for a microphone, $1,233.76 for a portable projector, $715.00 for speakers; and $1,548.96 for amplifiers. Under the heading "Types of Materials or Services Furnished" EPS's mechanic's lien stated "Designed, selected, purchased, furnished and installed security and audio-visual equipment for resort hotel and restaurant." Pursuant to Virginia Code § 43–3, EPS's mechanic's lien attached to the Property.

The Plaintiff is the beneficiary of two Deeds of Trust on the Property securing obligations owed to it. Pursuant to Virginia Code § 43–21, a valid and enforceable mechanic's lien takes priority over all previously secured liens.[2] At trial and in pleadings presented by the parties the question of whether the liens were perfected was undisputed. Thus, to the extent that the mechanic's liens are enforceable, the Plaintiff's two Deeds of Trust are in a junior position to the mechanic's liens held by CFI and EPS (collectively hereafter the "Defendants").

## DISCUSSION

The parties request that this court determine the following issues:

A) Whether the materials provided by an entity need to be permanently annexed to a structure in order to be covered by the Virginia Mechanic's Lien Statute, Virginia Code § 43–3?

B) If materials do not need to be permanently annexed to a structure, does the inclusion of services not

2. Virginia Code § 43–21 provides in part:

No lien or encumbrance upon the land created before the work was commenced or materials furnished shall operate upon the building or structure erected thereon, or materials furnished for and used in the same, until the lien in favor of the person doing the work or furnishing the materials shall have been satisfied; nor shall any lien or encumbrance upon the land created after the work was commenced or materials furnished operate on the land, or such building or structure, until the lien in favor of the person doing the work or furnishing the materials shall have been satisfied.

covered by Virginia Code § 43–3 render the entire mechanic's lien void or can the offending inclusions be excised from the lien claim? [3]

### A) Do materials need to be permanently annexed to a structure in order to be properly claimed under a mechanic's lien?

 The Plaintiff asserts that the materials claimed by CFI and EPS in their liens are not materials that can be properly claimed in any mechanic's lien. Specifically, the Plaintiff argues that, pursuant to Virginia Code § 43–3, only materials permanently annexed to the property can be claimed in a mechanic's lien. As such, Plaintiff argues that the furniture and electronic equipment provided by CFI and EPS are not within the scope of Virginia Code § 43–3 and therefore, their liens are invalid. Virginia Code § 43–3 states, in relevant part:

> All persons performing labor or furnishing materials of the value of $50 or more, including the reasonable rental or use value of equipment, for the construction, removal, repair or improvement of any building or structure permanently annexed to the freehold, ... shall have a lien, if perfected as hereinafter provided, upon such building or structure, and so much land therewith as shall be neces-

sary for the convenient use and enjoyment thereof ...

Virginia Code § 43–3 (2002).

In addressing this issue the Court must determine whether the phrase "permanently annexed," as found in Virginia Code § 43–3, modifies the actual improvements provided or instead, modifies the building or structure to which the improvements were made.[4] While the Plaintiff urges the Court to adopt the position that the phrase describes the type of improvements made, the Court finds that the phrase "permanently annexed" does not describe the types of improvements that can be claimed in a mechanic's lien. A plain reading of the statute makes it clear that the buildings and structures to which labor and materials have been provided must be permanently annexed to the freehold as a condition for asserting a mechanic's lien.

The Plaintiff argues that in order to determine what materials are deemed permanently annexed to the structure one needs to consult Virginia Code § 43–2. Specifically, the Plaintiff alleges in its pleadings that "Virginia Code § 43–2 lists what materials are deemed materials furnished to improve a structure or a building *and* are permanently annexed to the land" (Compl. ¶ 12). The Plaintiff concludes that because furniture and electronics are not on the list found in Virginia Code § 43–2 they are not the subject of a mechanic's lien claim.[5]

---

**3.** This issue is confined to the mechanic's lien held by CFI.

**4.** In reaching its finding, the Court first looks to what law should be applied to the issue. *Butner v. U.S.*, 440 U.S. 48, 52, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) instructed that "Congress has generally left the determination of property rights in the assets of bankrupts estate to state law." Accordingly, the Court examines Virginia Code § 43–3, which governs mechanic's liens in Virginia.

**5.** Virginia Code § 43–2 states

For the purpose of this chapter, a well, excavation, sidewalk, driveway, pavement, parking lot, retaining wall, curb and/or gutter, breakwater (either salt or fresh water), underground or field-constructed aboveground storage tank and connected dispensing equipment, water system, drainage structure, filtering system (including septic or waste disposal systems) or swimming pool shall be deemed a structure permanently annexed to the freehold, and all shrubbery, earth, sod, sand, gravel, brick, stone, tile, pipe or other materials, together with the reasonable rental or use value of

In reading the statute, the first portion describes items, such as a "well, . . . driveway, . . . pavement parking lot . . ." which are "deemed a structure permanently annexed to the freehold . . ." and the last part of § 43–2 goes on to describe items "required for improvements of the grounds upon which such building or structure is situated . . ." which "shall be deemed to be materials furnished for the improvement of such building or structure permanently annexed to the freehold." Thus, the first part of Virginia Code § 43–2 describes, for example, a sidewalk as a structure that is permanently annexed to the freehold, thereby qualifying any labor or materials used to produce that sidewalk for a mechanic's lien claim under Virginia Code § 43–3. Likewise, in the last part of Virginia Code § 43–2 items such as sod or stone used to improve the grounds upon which the building is situated are deemed materials "furnished for improvement of such building or structure and permanently affixed to the freehold." Thus, "sod" used on the grounds qualifies as a material that can be the subject of a mechanic's lien and "stone" used to make the sidewalk is a material used in a structure permanently affixed to the freehold, thereby qualifying it as the subject of a mechanic's lien claim under Virginia Code § 43–3.

What Virginia Code § 43–2 does not do is provide an exhaustive or exclusive list of materials that qualify as the subject of a mechanic's lien claim under Virginia Code § 43–3. Thus, the Court declines to adopt the Plaintiff's argument that Virginia Code § 43–2 limits the material that qualify for a mechanic's lien under § 43–3. Instead, the Court finds that the better interpretation of Virginia Code § 43–3 is that the

phrase "permanently annexed" found in Virginia Code § 43–3 does not require that the improvements be permanently annexed to a building or structure but, rather, that the building or structure be "permanently annexed to the freehold." This interpretation is consistent with the plain reading of Virginia Code § 43–2 set forth above.

In support of its finding that improvements do not need to be permanently annexed to the structure to be claimed in a mechanic's lien the court looks to *Moore & Moore General Contractors, Inc. v. Basepoint, Inc.*, 253 Va. 304, 485 S.E.2d 131 (1997). In *Basepoint, Inc.* the Virginia Supreme Court addressed a factual situation in which a mechanic's lien was filed claiming a lien on a set of cabinets which had been installed and then removed from the building. The buyer in *Basepoint, Inc.*, against whom the mechanic's lien was asserted, contended "that because the materials were removed from the building before the memorandum was filed, the goods did not enhance the value of the building, thus making the lien invalid." *Basepoint, Inc.*, 253 Va. at 309, 485 S.E.2d at 134. The Court, in rejecting the buyer's contention and adopting the position that an improvement does not need to be permanently annexed to a building in order for the improvement to be claimed in a mechanic's lien, reasoned that:

> Virginia Code § 43–3 authorizes a lien in favor of "[a]ll persons performing labor or furnishing materials . . . for the construction . . . or improvement of any building." The seller furnished materials for this building project, and the cabinets were delivered, accepted, installed, and added value to the structure.

equipment and any surveying, grading, clearing or earth moving required for the improvement of the grounds upon which such building or structure is situated shall

be deemed to be materials furnished for the improvement of such building or structure and permanently annexed to the freehold.

The fact that the cabinets were removed before the memorandum was filed is irrelevant. The legislature could not have intended that a supplier's mechanic's lien may be avoided simply by removing from the building the materials furnished and incorporated in it.

*Id.* Applying this Court's reading of the statutory language found in Virginia Code § 43–3 and the *Basepoint, Inc.* decision to the facts of this case the Court concludes that the furniture supplied by CFI and the electronics supplied by EPS were "delivered, accepted and installed and added value" to the Debtor's hotel. Indeed, the Property could not have functioned in its intended purpose, i.e., a Holiday Inn Hotel and conference center, without the improvements provided by CFI and EPS. As such, the fact that the improvements here, as in *Basepoint, Inc.,* are removable is irrelevant and the Defendants' mechanic's liens properly included materials that were removable from the structure.

**B) Does the inclusion of services not covered by Virginia Code § 43–3 render the entire mechanic's lien void or can the offending inclusions be excised from the lien?**

█ At trial the Plaintiff contended that CFI's mechanic's lien includes claims for design work done on the Property.[6] The Plaintiff argued that the design work included in CFI's mechanic's lien claim did not constitute labor under Virginia Code § 43–3, thereby invalidating the lien. The Plaintiff further argues that even if the inclusion of the design work in the lien was a mistake, Virginia Code § 43–15 provides that only mistakes relating to the descrip-

tion of the property or the form used to file the mechanic's lien may be cured.[7] Any other deviations from the requirements found in Virginia Code § 43–3, the Plaintiff argues, result in the lien being automatically invalidated.

In relevant part, Virginia Code § 43–3 allows "All persons performing labor or furnishing materials ..." to file a mechanic's lien, so long as they meet other requirements. Clearly, design work does not constitute materials for purposes of Virginia Code § 43–3, thus the Court must determine whether the design work done by CFI qualifies as "labor" under the statute. *Ft. Beauregard Associates Inc. v. Lindsay Ervin & Associates, Inc.,* 1990 WL 751267, at *1 (Va.Cir.Ct. Aug.24, 1990), which addressed the issue of whether an architectural firm can assert a mechanic's lien for work done in designing a golf course and if so under what circumstances, found that "under Virginia law an architect is entitled to a mechanic's lien if ... he puts his labor into the plans for the erection of a building or structure and actually supervises its erection." Furthermore, *Cain v. Hawthorne,* 159 Va. 446, 166 S.E. 478 (1932) holds that "We are unable to draw the distinction between one who puts his labor into plans for the erection of a building and actually supervises its erection, and one who ... actually performs a manual service."

In this case, the design work done by CFI is analogous to the work done by the architects in *Ft. Beauregard Associates, Inc.* and *Cain.* In both instances, labor is applied to the creation of plans and the

---

**6.** The Court takes note that this allegation is not supported in the Plaintiff's pleadings.

**7.** Virginia Code § 43–15 states

No inaccuracy in the memorandum filed, or in the description of the property to be

covered by the lien, shall invalidate the lien, if the property can be reasonably identified by the description given and the memorandum conforms substantially to the requirements of §§ 43–5, 43–8 and 43–10, respectively, and is not wilfully false.

314

supervision of their implementation, whether that implementation includes the construction of a building or the placement of materials in a space. CFI's evidence showed that it created the specific design needed by the owner of the Property and then proceeded to provide labor and materials in carrying out the design plan that it created for the Property. Thus, the Court finds that CFI's design work constitutes "labor" as defined in Virginia Code § 43-3 and therefore the design work qualifies for a mechanic's lien under Virginia Code § 43-3. Having determined that CFI's design work was properly included in its mechanic's lien the Court does not need to address the Plaintiff's second allegation regarding when a mechanic's lien is invalidated in its entirety.

## CONCLUSION

Virginia Code § 43-3 does not require improvements be permanently annexed to a structure in order for a mechanic's lien claimant to include them in its mechanic's lien. Therefore, CFI's and EPS's mechanic's liens, which included removable furniture and electronics, constituted improvements that were properly included on CFI's and EPS's mechanic's liens. Additionally, CFI's design work is covered by Virginia Code § 43-3 under the definition of "labor" and thus, the value of the design work was properly claimed by its mechanic's lien.

Accordingly, it is:

## ORDERED

That CFI's and EPS's mechanic's liens are properly filed, perfected and constitute liens on the real property of the Debtor located in Warren County, Virginia.